UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER MAE SWEENEY,**

      **Plaintiff,**

v.                                                                       Case No: 6:22-cv-103-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

### ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIBs"), alleging December 31, 2014, as the disability onset date, later amended to March 1, 2018. (Tr. 17, 184–87, 324.) In a decision dated April 19, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 14–24.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the parties' memoranda (Docs. 16, 19, 22), and the applicable law. For the reasons stated herein, the Court determines that the Commissioner's final decision is due to be reversed.

---

[1] On April 6, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 8.) The case was referred by an Order of Reference on April 11, 2022. (Doc. 12.)

I.  **ISSUES ON APPEAL**

The sole issue on appeal is whether the Appeals Council erred in rejecting Plaintiff's newly proffered evidence. (*See* Doc. 16.)

II.  **STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III.  **ANALYSIS**

On April 6, 2021, after the March 26, 2021, administrative hearing, but before the ALJ's April 19, 2021, decision, neurologist Gary Weiss, M.D., completed a Physical Restrictions Evaluation on behalf of Plaintiff. (Tr. 72–75.) Dr. Weiss completed the evaluation after conducting an in-person evaluation of Plaintiff on March 10, 2021. (Tr. 443–47.) On the evaluation form, Dr. Weiss was asked to review thoracic and lumbosacral spine MRIs from February 28, 2018, and a lumbosacral spine MRI from November 5, 2020, and to answer questions for the time period

beginning February 28, 2018, "through the present."[2] (Tr. 72, 363–66, 420.) Dr. Weiss opined that Plaintiff could sit for fifteen to twenty minutes and stand and/or walk for five to ten minutes without interruption. (Tr. 72.) He further opined that Plaintiff would need to sit three hours, stand/walk two hours, and lie down or recline for three hours total in an eight-hour work-day, to avoid aggravating symptoms. (*Id.*.) He also opined that Plaintiff was limited to lifting five pounds occasionally and could occasionally balance, but never climb, stoop, crouch, kneel, or crawl. (Tr. 73.) In support, Dr. Weiss cited medical findings including neck pain, thoracic and low back pain, and herniated nucleus pulposus (HNPs) at L4-L5 and L5-S1. (Tr. 72.)

Dr. Weiss's opinion was submitted as new evidence to the Appeals Council as part of Plaintiff's request to review the ALJ's decision. (Tr. 72–75, 181–83, 337–39.) The Appeals Council found "this evidence does not show a reasonable probability that it would change the outcome of the decision" and, therefore, declined to "exhibit this evidence." (Tr. 1–2.) Thus, the Appeals Council refused to substantively consider Dr. Weiss's opinion.

On appeal to this Court, Plaintiff argues the Appeals Council erred in its finding because Dr. Weiss's retrospective opinion supports Plaintiff's testimony, which the ALJ discounted, and contradicts the ALJ's RFC finding. (Doc. 16 at 15–18.)

---

[2] Because Plaintiff's last insured date was December 31, 2018, Plaintiff had to establish disability on or before that date. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured.") (citing 42 U.S.C. § 423(a)(1)(A) (2005)).

Therefore, Plaintiff argues, Dr. Weiss's opinion carries a reasonable probability of changing the administrative outcome. (*Id*.) Additionally, Plaintiff contends good cause exists for the untimely submission because Dr. Weiss's opinion was formulated after the hearing. (*Id*. at 18–19.) The Commissioner responds that the Council's decision was proper, as the opinion is not chronologically relevant or material. (Doc. 19 at 6–11.) Upon consideration, the Court finds that Dr. Weiss's opinion is new, material, and chronologically relevant, and the Appeals Council erred in rejecting it.

Generally, a claimant is allowed to present new evidence at each stage of the administrative process. *See* 20 C.F.R. § 404.900(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. 20 C.F.R. § 404.970(b). However, the Appeals Council "must consider new, material, and chronologically relevant evidence that the claimant submits." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (citing *Ingram*, 496 F.3d at 1261) (internal quotations omitted); *see also* 20 C.F.R. § 404.970(a)(5). To be considered "new," evidence must not be cumulative of the evidence already submitted to the ALJ. *See Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 857 (11th Cir. 2018)[3] (citing *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)). Evidence is material if "there is a reasonable possibility that the new evidence would change the administrative result." *Id*. (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)). Evidence is chronologically relevant if it "relates to the period on or

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

before the date of the hearing decision." *See* 20 C.F.R. § 404.970(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. 20 C.F.R. § 404.970(a)(5). Finally, "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321.[4]

As noted above, Dr. Weiss's opinion constitutes new, material, and chronologically relevant evidence. First, Dr. Weiss's opinion is clearly new, as it was not part of the record before the ALJ. It is also non-cumulative, as the record lacked a medical opinion on Plaintiff's functional limitations. The state agency medical consultant who was asked to opine on Plaintiff's physical limitations indicated he had insufficient evidence to make a determination. (Tr. 94.) The ALJ found his assessment unpersuasive, pointing to the "cervical and lumbar MRIs that showed disc osteophytes, neural foraminal narrowing, and multilevel degenerative disc disease." (Tr. 23.) Thus, Dr. Weiss's opinion based on these MRI studies provides important missing information.

Moreover, while the underlying MRIs were part of the record before the ALJ, as a lay person, the ALJ was not qualified to interpret the MRI studies and translate

---

[4] By contrast, if the Appeals Council considered the new evidence, a different standard applies, and the Court must determine whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole. *See Ingram*, 496 F.3d at 1266. Here, the Commissioner does not argue the Appeals Council actually considered the evidence, stating that "[t]he question for this Court, on de novo review of the evidence submitted to the Appeals Council, is whether Dr. Weiss's opinion was reasonably probable to affect the ALJ's finding that Plaintiff was not disabled." (Doc. 19 at 11.)

them into corresponding functional limitations. *See Sneed v. Comm'r of Soc. Sec.*, No. 6:13-cv-1453-ORL-TBS, 2015 WL 1268257, at *6 (M.D. Fla. Mar. 19, 2015) ("While the line between appropriately finding facts and inappropriately 'playing doctor' is not always clear . . . the apparent reinterpretation of highly technical MRI imaging reports clearly falls on the impermissible side of the line.") (internal citations omitted); *see also Jenkins v. Sullivan*, 906 F.2d 107, 109 (4th Cir. 1990) (noting that the ALJ improperly analyzed the medical evidence himself rather than eliciting additional medical testimony from physicians); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (finding "[a]s a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms" without a "medical opinion support[ing] the determination"). Accordingly, although the MRIs were part of the record before the ALJ, Dr. Weiss's opinion interpreting those MRIs constitutes new and non-cumulative evidence.

Second, Dr. Weiss's evaluation constitutes material evidence as it creates a reasonable possibility that it would change the administrative outcome. Dr. Weiss's opined limitations contradict the ALJ's RFC determination that Plaintiff was capable of light work and could stand and/or walk for six hours in an eight-hour workday, and occasionally stoop, kneel, crouch, and crawl. (Tr. 21, 72–73.) Thus, Dr. Weiss's opinion supports a more restrictive RFC than the ALJ's assessment, and if credited, it would change the ALJ's decision. Moreover, Dr. Weiss's opinion provides support for Plaintiff's testimony that she could walk for eight to ten minutes before needing a break, had trouble bending, sitting up straight, and was limited to lifting five pounds,

statements which the ALJ discounted as being inconsistent with the evidence of record. (Tr. 22, 46–52.) *See Hyde*, 823 F.2d at 459 (finding the new evidence material where it "provide[d] objective medical support for [the claimant's] subjective complaints of pain and, if accepted, may [have] warrant[ed] acceptance by the ALJ of [claimant's] allegations of pain"). Thus, in addition to being new and non-cumulative, Dr. Weiss's opinion constitutes material evidence.

Third, Dr. Weiss's opinion is chronologically relevant. Although dated April 6, 2021, after the relevant adjudicative period, Dr. Weiss was asked to review Plaintiff's 2018 MRI studies from the relevant period. Moreover, there is no contention that Plaintiff's condition significantly worsened. Indeed, on March 10, 2021, during Plaintiff's initial evaluation, Dr. Weiss noted that Plaintiff had exhibited back pain since 2014 and that she "need[ed] her 2018 MRI reviewed for her attorney for disability." (Tr. 67.) Plaintiff testified that, in 2016, her back pain prevented her from walking, standing up straight, sitting in one place for long, and that her limitations were present in 2018, during the relevant time frame. (Tr. 52–53.) *See Washington*, 806 F.3d at 1322 (finding new opinion was chronologically relevant in part, where there was no evidence that the plaintiff's symptoms had declined in the period after the ALJ's decision).

Finally, Plaintiff has shown good cause for the untimely submission, as Dr. Weiss's evaluation did not exist at the time of the hearing.[5] *See Davis v. Comm'r of*

---

[5] The Commissioner does not argue that Plaintiff has not shown good cause, stating "the Court need not reach [this] issue" because "the Appeals Council did not find that

*Soc. Sec.*, No. 04-12482, 2004 WL 3723521, at *3 (11th Cir. Nov. 15, 2004) ("Good cause for not submitting the evidence earlier exists because it was not available at the time of the hearing."); *Mason v. Berryhill*, No. 8:17-cv-182-T-AAS, 2017 WL 5899201, at *1 (M.D. Fla. Nov. 30, 2017) (stating "good cause exists when the evidence did not exist at the time of the administrative hearing") (citing *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988)).

In defending the Appeals Council's decision to deny Plaintiff's request for review, the Commissioner argues that Dr. Weiss's evaluation is not material because it is not chronologically relevant. (Doc. 19 at 9.) The Commissioner contends that although the evaluation form prompted Dr. Weiss to "answer the following questions for the time period: beginning [February 28, 2018] through the present date[,] . . . nothing that Dr. Weiss wrote on the form himself indicates or supports Plaintiff's contention that the opined limitations were retrospective." (Doc. 19 at 10.) In support, the Commissioner cites to cases where the newly proffered evidence was not chronologically relevant. (*See* Doc. 19 at 10 (citing *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309–10 (11th Cir. 2018) (finding a medical opinion was not chronologically relevant even though the opining physician indicated the limitations dated back to a date prior to the ALJ's decision, because "nothing in the form or any other documents indicated that [the physician] evaluated [the plaintiff's] past medical records when forming that opinion"); *Ring v. Soc. Sec. Admin., Comm'r*, 728 F. App'x

---

Plaintiff did not have good cause for submitting Dr. Weiss's opinion after the ALJ's decision was issued." (Doc. 19 at 11.)

966, 969 (11th Cir. 2018) (finding a medical evaluation not chronologically relevant because the "evaluation did not discuss [the physician's] findings in relation to [the plaintiff's] earlier medical records and treatment, and his evaluation d[id] not appear to be based [on] that material").)

Here, Dr. Weiss was asked to review the 2018 and 2020 MRI studies and to opine on Plaintiff's limitations for the time period beginning February 28, 2018, "through the present date." (Tr. 72.) While the 2020 MRI was outside the relevant period for establishing disability, the 2018 studies were from the relevant period. Moreover, Dr. Weiss stated that the opined limitations "are my independent opinion based on my review of my patient's medical records, the medical and clinical findings as reflected in my treatment notes, my knowledge of the patient's condition, and my professional experience." (Tr. 75.) And his treatment notes from March 10, 2021, specifically state that Plaintiff "need[ed] 2018 MRI reviewed for her attorney for disability" and the plan was to "[r]eview MRIs already done." (Tr. 67, 71.)

The Commissioner argues Dr. Weiss based his opinion, in part, on findings of HNPs at L4-L5 and L5-S1, which were not documented until the November 2020 MRI. (Doc. 19 at 10.) Dr. Weiss indeed noted on March 15, 2021, that the November 5, 2020, lumbosacral spine MRI revealed small HNPs at L4-5 and L5-S1. (Tr. 442.) However, those notes show only his review of the 2020 MRIs and make no determination as to the February 28, 2018, MRIs. (Tr. 442.) The record shows that on March 10, 2021, Dr. Weiss indicated that he was to review Plaintiff's 2018 MRIs, and the subsequent evaluation form completed on April 6, 2021, specifically asked him to

review those records. There is no indication, as the Commissioner argues, that "Plaintiff's February 2018 MRI, from before the relevant period, did not show HNPs." (Doc. 19 at 10; Tr. 364, 420.)

As Plaintiff points out, the facts of this case are similar to *Washington*, 806 F.3d at 132 –23. In *Washington*, the Eleventh Circuit held that an examining psychologist's opinions were chronologically relevant even though they postdated the ALJ's decision by seven months, because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision, the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period), and there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." *Id*. Similarly here, Dr. Weiss was asked to review Plaintiff's 2018 MRIs, and there is no indication that he failed to comply with that request. Additionally, Plaintiff reported suffering back pain since 2014, which included the relevant period. (Tr. 67.) Finally, as in *Washington*, there is no indication that Plaintiff's condition significantly worsened since the relevant period.

Notably, although the Commissioner argues Dr. Weiss's opinion is not chronologically relevant, the Appeals Council declined consideration of the opinion on the basis that it did not establish a reasonable probability of a different outcome. (Tr. 2.) In contrast, the Appeals Council refused to consider Dr. Weiss's March 10, 2021 and March 15, 2021 medical notes on the basis that they did not relate to the period at issue. (Tr. 2.)

Finally, to the extent the Commissioner argues that Dr. Weiss's opinion is unsupported by his objective findings, the Court notes that the responsibility to weigh the evidence rests with the administrative fact-finders and not this Court. *See Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of evidence is a function of the factfinder, not of the district court.").

In sum, Dr. Weiss's evaluation meets the threshold requirement of being new, material, and chronologically relevant. Accordingly, the Court finds the Appeals Council erred in refusing to substantively consider Dr. Weiss's evaluation, and remand is required for consideration of this evidence. *See Washington*, 806 F.3d at 1323; 20 C.F.R. § 404.970(a)(5).

### IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on February 17, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE